**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2518
_____

MIGUEL MARTINEZ,
                              Appellant

v.

J. RIVELLO, Superintendent SCI Huntingdon;
K. KAUFFMAN, Superintendent of SCI Huntingdon;
J. SPYKER, Deputy Superintendent Specialized Services;
S. WALTER, Deputy Superintendent Specialized Services;
G. RALSTON, Unit Manager of B and C Blocks;
J. WETZEL, Secretary of the Department of Corrections
of the Commonwealth of Pennsylvania;
T. BICKELL, Executive Deputy for Institutional Operations
for Department of Corrections
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:21-cv-01908)
Magistrate Judge:  Honorable Karoline Mehalchick
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 3, 2023

Before: JORDAN, GREENAWAY, JR., and NYGAARD, Circuit Judges

(Opinion filed: May 11, 2023)

_____

OPINION[*]
_____

PER CURIAM

Miguel Martinez, proceeding pro se, appeals an order of the United States District Court for the Middle District of Pennsylvania denying his motion for a preliminary injunction. For the reasons that follow, we will affirm the judgment of the District Court.

Martinez, an inmate at State Correctional Institution at Huntingdon, filed a complaint in November 2021 against numerous employees of the Pennsylvania Department of Corrections. Martinez sought injunctive, compensatory, declaratory, and punitive relief for violations of the Eighth Amendment and for negligence relating to alleged unsafe and unsanitary conditions at SCI-Huntingdon. Dkt. No. 1 at 11-13.

In February 2022, Martinez filed a motion for a preliminary injunction, requesting that the District Court order defendants to replace SCI-Huntingdon's manual cell lock system, lease an HVAC system to increase ventilation, remove all mold and asbestos, and replace all lead pipes at the facility. Dkt. No. 12 at 3-4. The District Court denied relief on August 3, 2022. Dkt. Nos. 30 & 31. Martinez filed this appeal.[1]

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The parties consented to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c)(1). Dkt. No. 18. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1292(a)(1). "We review the denial of a preliminary injunction for an abuse of discretion, an error of law, or a clear mistake in the consideration of proof." Kos

Martinez argues on appeal that the District Court erred by disregarding his allegations of dangerous and inhumane conditions at SCI-Huntingdon and by applying non-precedential case law. C.A. Dkt. No. 9 at 2-3. The District Court determined that Martinez's requested relief exceeded the scope of a preliminary injunction, as his request to compel renovation of the facility would do more than preserve the status quo among the parties. Dkt. No. 30 at 5-6. The Court also concluded that Martinez failed to satisfy his burden in establishing any of the factors required by a preliminary injunction analysis. Id. at 6-8. We agree.

In determining whether to grant a preliminary injunction, a court must consider whether the movant has shown: (1) a likelihood of success on the merits; (2) that the movant will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the preliminary relief is in the public interest. Kos Pharms., Inc., 369 F.3d at 708. "Preliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances." Id. (internal quotation marks omitted). Indeed, a court should not grant relief "unless the movant, by a clear showing, carries the burden of persuasion." Holland v. Rosen, 895 F.3d 272, 285 (3d Cir. 2018).

---

Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (internal quotation marks omitted). Determinations that are prerequisites to the issuance of an injunction are reviewed according to the applicable standard for each particular determination. Id. Accordingly, we exercise plenary review of the District Court's conclusions of law but review its findings of fact for clear error. Doe ex rel. Doe v. Boyertown Area Sch. Dist., 897 F.3d 518, 526 (3d Cir. 2018).

The District Court considered each of these factors and concluded that Martinez failed to demonstrate that any of them weighed in favor of a preliminary injunction. Dkt. No. 30 at 6-9. We agree. Martinez offered no analysis of the above four elements that would have allowed the District Court to grant his requests. See Dkt. Nos 30 & 31. Also, as the District Court recognized, because Martinez's motion for preliminary injunction demanded largely the same injunctive relief sought in his initial complaint, see Dkt. No. 1 at 13; Dkt. No. 31 at 3-4, granting Martinez's requests at this stage in the proceedings would, in effect, fail to "preserve the relative positions of the parties" until the merits of the case are considered and would instead amount to a "final judgment on the merits," Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981). We see no reason to disturb the District Court's conclusion, and thus we will affirm the District Court's order denying Martinez's motion for a preliminary injunction.